UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL JOHN FORSYTHE,

   Plaintiff,

v.        Case No:  2:26-cv-1570-JES-KRH

JUDGE JAMES F. STEWART,
CYNTHIA B. HALL, ANITA
GORFAN, JOHN DOES 1-10,

   Defendants.

---

## <u>OPINION AND ORDER</u>

This matter comes before the Court on plaintiff's four separate Emergency Motions for Preliminary Injunction filed on May 11, 2026, along with the Complaint (Doc. #1).  (Docs. #3-6.)  The first motion seeks to require Judge Porter of the Twentieth Judicial Circuit Court to reassign all eight of his state court cases to eight separate judges "who have no prior connection to any party, counsel, or institution in any of the eight pending cases."  (Doc. #3, p. 2) ("No. 1").  Plaintiff has eight cases that are consolidated into six civil cases pending before defendant Judge Stewart and two of the cases are pending before Judge Brown in family court.  The second motion seeks to enjoin defendant Judge Stewart, pursuant to <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984), from presiding over or exercising judicial authority over the state

court cases pending litigation in federal court.  (Doc. #4) ("No. 2").  The third motion seeks to enjoin attorney Cynthia B. Hall from appearing in any of the eight proceedings because she is named as a co-conspirator and because she is the wife of Judge Hall of the Twelfth Judicial Circuit and chaired a circuit disciplinary body with Judge Stewart without disclosing these facts.  (Doc. #5) ("No. 3").  The fourth motion seeks an injunction "immediately freezing" all proceedings in the state court and directing the Twentieth Judicial Circuit to "immediately retransfer" a case from the family division back to the civil division where plaintiff can obtain a trial by jury.  (Doc. #6) ("No. 4").

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283. "On its face the present Act is an absolute prohibition [] against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."  Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970). "'In assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti-Injunction Act.'"  Upper Chattahoochee Riverkeeper Fund, Inc. v.

City of Atlanta, 701 F.3d 669, 675 (11th Cir. 2012) (citation omitted).  The exceptions are (1) when "necessary in aid of [the Court's] jurisdiction" such as when there is an *in rem* proceeding over the *res*; (2) to protect an earlier federal court injunction; and (3) "to 'protect or effectuate its judgments'" and avoid relitigation.  Burr & Forman v. Blair, 470 F.3d 1019, 1028-30 (11th Cir. 2006).  It is not clear any of these exceptions apply such that this Court would have the authority and jurisdiction to impose an injunction on the state court.

Setting aside for the moment the propriety of issuing an injunction or injunctions, the Court finds that the request for a preliminary injunction is procedurally deficient.  "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a). See also M.D. Fla. R. 6.02(b) ("The movant must notify each affected party as soon as practical unless the movant establishes by clear and convincing evidence an extraordinary circumstance not requiring notice.").  Plaintiff provides no legal basis upon which to bypass this requirement. Further, "[t]he court may issue a preliminary injunction … only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).

- 3 -

Plaintiff has not yet executed service of process on defendants, nor proffered an adequate amount of security. The motions will be denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motions for Preliminary Injunction (Docs. ## 3-6) are **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff

- 4 -